UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS E. PEREZ, Secretary of Labor,
United Stated Department of Labor,

                Plaintiff,            16-CV-149V(Sr)

v.

REGIONAL ENVIRONMENTAL
DEMOLITION, INC., et al.,

                Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #6.

Plaintiff commenced this action alleging that defendants unlawfully retaliated against employee Lucian Fermo in violation of section 11(c) of the Occupational Safety and Health Act ("OSHA"), when they fired him in June of 2014 after he complained to his employer about unsafe working conditions. Dkt. #1. That statute provides, in relevant part: "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 660(c)(1). The statute provides that the Secretary of Labor may bring a cause of action in the district court to restrain violations of 29 U.S.C. § 660(c)(1) and to obtain "all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay." 29 U.S.C. § 660(c)(2). In this action, plaintiff seeks payment to

Lucian Fermo of lost wages and compensatory damages plus pre-judgment interest from the date of discharge; front pay; emotional and financial distress damages and a reasonable amount of punitive damages; expungement of Lucian Fermo's employment records of all references to the circumstances in this matter; injunctive relief against the defendants preventing future violations of 29 U.S.C. § 660(c)(1); an award of costs to the Department of Labor; and an order that defendants prominently post, for 60 consecutive days, a notice stating that they will not discharge or otherwise discriminate against employees for activities protected by 29 U.S.C. § 660(c)(1). Dkt. #1.

Defendants issued a subpoena for the deposition of Lucian Fermo, which was conducted on December 20, 2016, with Mr. Fermo represented by a personal attorney. Dkt. #29, ¶ 9. At his deposition, Mr. Fermo testified that he sought treatment for emotional distress approximately six months after his termination for a condition he had previously experienced prior to his employment with defendants. Dkt. #29, ¶ 14. Mr. Fermo also testified that he was injured on the job while employed subsequent to his termination by defendants and was receiving workers' compensation as of the date of his deposition, potentially impacting his claim for future wages.

Subsequent to the deposition, as discussed on the record at the deposition, defendants sent a letter to Mr. Fermo's personal attorney enclosing authorizations for release of employment and medical records. Dkt. #29, ¶¶ 15-16 & Dkt. #32-1, p.2. Plaintiff's counsel was copied on the letter enclosing the authorizations. Dkt. #29-3, p.2. By letter dated February 7, 2017, plaintiff objected to

the information sought as inadmissible, irrelevant and overly broad. Dkt. #29-5. By letter dated February 7, 2017, defendants responded that

> The request for authorizations deals directly with the issue of damages which are being requested by the Plaintiff in this matter, on behalf of your client. The issues of why your client is not working, his ability to work or not, why he cannot work, what he did when he was working, his history of wages, *etc*., are all relevant to the issues of damages.

Dkt. #29-6. Defendants noted that although Mr. Fermo "may not technically be a named party to this action, he is the party of interest and the main witness for Plaintiff and benefactor from his testimony." Dkt. #29-6.

Currently before the Court is defendants' motion to compel: (1) employment records from Empire Dismantlement Corporation, TCI Cable/Comcast Corporation, Time Warner Cable and First Call Communications; (2) authorizations for prescription records from Walgreens and Rite Aid; and (3) authorizations for medical records from Dr. Fuleki, Dr. Panzarella and Horizon Health Services. Dkt. #29-1. Mr. Fermo joins in plaintiff's opposition to defendants' motion. Dkt. #33.

Setting aside the procedural issues regarding the timing of defendants' demands; service of those demands upon Mr. Fermo's personal attorney rather than the plaintiff and by letter request rather than subpoena; and defendants' good faith attempt to resolve the discovery dispute with plaintiff prior to the filing of this motion, each of which are sufficient to render defendants' request for sanctions baseless, the Court will instead address the appropriate scope of discovery from Mr. Fermo.

3

Employment Records

Defendants seek employment records from employers for whom Mr. Fermo worked both before and after his employment with defendants. Dkt. #31, pp.3-4. Plaintiff objects to defendants' demand for personnel files from every employer for whom Mr. Fermo has worked since 1989 in order to defend against the Secretary's back wage demand, which is limited to the hours and wages earned at Regional Environmental Demolition. Dkt. #31, p.8, n.5. Plaintiff notes that it provided W-2 wage statements for Mr. Fermo's employment after Regional Environmental Demolition and defendants deposed Mr. Fermo on these issues. Dkt. #31, p.8, n.5.

The Court finds records from employers prior to Regional Environmental Demolition, *to wit*, First Call, Time Warner and TCI Cable, irrelevant to this litigation. Moreover, the Court finds defendants' request for "the full contents" of Mr. Fermo's personnel file overbroad. With respect to Mr. Fermo's susbequent employment, the Court relies upon plaintiff's representation that it disclosed W-2 statements and determines that this is sufficient to calculate loss of income following Mr. Fermo's termination from Regional Environmental Demolition. As a result, this aspect of defendants' motion is denied.

Medical and Prescription Records

Defendants argue that Mr. Fermo's medical records, including records relating to mental health treatment, are relevant to defend against plaintiff's emotional distress claim. Dkt. #32-4, p.3. Plaintiff declares that it "does not intend to call an

4

expert at the trial and that the Secretary's Rule 26(a) disclosures make it clear that the government is only pursuing garden variety emotional damages, which do not require expert testimony." Dkt. #31-1, ¶ 17.  In reliance upon plaintiff's representation, the Court determines that disclosure of plaintiff's medical and prescription records are not warranted. However, the Court further determines that such representation precludes testimony as to any medical treatment allegedly necessitated by defendants' termination of his employment.  As to medical records pertaining to an injury Mr. Fermo sustained on the job after his termination by defendants, the Court agrees that they are irrelevant to any of the issues presented in this litigation.

For the foregoing reasons, defendants' motion to compel (Dkt. #29-1),  is denied.  The Court declines plaintiff's request (Dkt. #31, pp.12-14), pursuant to Rule 37(a)(5)(B), for reasonable expenses, including attorney's fees, incurred in the opposition of this motion.

**SO ORDERED.**

DATED: Buffalo, New York
June 23, 2017

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**